JAMES BELGER, Respondent, *v.* WILLIAM B. DINSMORE, President, etc., of the Adams Express Company, Appellant.

An express company is to be regarded as a common carrier, and its common-law liability may be limited by express contract.

In the absence of fraud, concealment or improper practice, the legal presumption is that stipulations limiting its common-law liability, contained in a receipt given by such company for freight, were known and assented to by the party receiving it. (The case of *Blossom* v. *Dodd*, 43 N. Y., 264, distinguished.)

Defendant received from plaintiff a trunk to transport from Baltimore to New York. It gave a receipt, which contained a statement, among other things, that, as part of the consideration of the contract, it was agreed that the holder, in case of loss, should not demand beyond the sum of fifty dollars, at which the article forwarded was thereby valued, unless otherwise expressed. *Held*, that by accepting the receipt and omitting to have a different value expressed, plaintiff assented to the valuation at fifty dollars, and to a limitation of his claim in case of loss to that sum.

(Argued May 13, 1872; decided September term, 1872.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial district, setting aside a verdict in favor of defendant and granting a new trial. (Reported below, 51 Barb., 69; 34 How. Pr., 421.)

The action was brought to recover the value of a trunk and its contents delivered by the plaintiff to the defendant for transportation, but which never reached its place of destination.

It was shown, on the trial, that six trunks and three boxes were delivered on the 4th day of May, 1864, by the wife of

the plaintiff to the Adams Express Company to be carried from Baltimore, in Maryland, to Newport, Rhode Island.

When the said trunks and boxes were received by the company, a receipt was given therefor, containing therein, immediately after the acknowledgment of their delivery, a provision, as follows : "It is a part of the consideration of this contract, and it is agreed that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property   *   *   *   arising from the dangers of railroads, ocean or river navigation, steam, fire in stores, depots or in transit, leakage, breakage or from any cause whatever, unless, in every case, the same be proved to have occurred from the fraud or gross negligence of said express company, or their servants ; nor in any event shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them and so specified in this receipt; which insurance shall constitute the limit of the liability of the Adams Express Company." There was no valuation of the property so delivered, nor of any part thereof expressed in the said receipt, nor was it specified therein that the same or any portion thereof had been specially insured.

One of the trunks, containing wearing apparel, was lost. The value of the articles contained therein was shown to be $467. It was admitted by the counsel for the defendant that the said receipt had not, at the time of the trial, and never had had, any United States internal revenue stamp thereon, and it was objected, on behalf of the plaintiff, that it was therefore void and not binding as a contract, and inadmissible in evidence. The court overruled said objection, and an exception was taken.

The counsel for the defendant then, while insisting that the said receipt did not require any stamp, did, in the presence and by the permission of the court, and against the objection of the defendant's counsel, affix thereon stamps to the amount of seven cents, and canceled the same.

The counsel further objected to the admission of the said receipt in evidence, on the ground that there was no evidence adduced that the knowledge of the contents of said receipt was ever brought home to the plaintiff, and insisted that evidence beyond the receipt itself, on that point, should be adduced; but the court held that the taking of the receipt by the plaintiff's wife, when she delivered the trunks to the express agent, was evidence that she then knew its contents, and overruled said objections, and thereupon allowed the said receipt to be read in evidence against the defendant's exception.

The counsel for the plaintiff then offered to prove negligence on the part of the defendant, insisting that it had been guilty of gross negligence and carelessness, but the court excluded such proof, and held that the said receipt was, to all intents and purposes, a contract between the parties, and that defendant was by it excused from all liability, except as stated in the receipt. To this ruling the counsel for the plaintiff excepted.

He then asked the court to charge the jury on certain propositions as to the validity of said receipt, and its legal effect and obligation as against him, involving substantially the same objections that were raised against its admissibility in evidence, which requests were refused, and proper exceptions to such refusal were taken.

The court then, after the refusal of a request by the plaintiff to go to the jury on the question of gross negligence, against his exception, charged the jury that the contents of the said receipt were a contract binding on the plaintiff, and limited the liability of the Adams Express Company and of the defendant for any loss of or damage to any of the contents of any of the trunks or boxes specified in said receipt to the sum of fifty dollars, and directed the jury to find a verdict for the plaintiff for fifty dollars principal, with interest from the date of the receipt. To which charge and direction the plaintiff's counsel excepted.

The court ordered the exceptions to be heard in the first

instance at General Term, and that judgment be in the meantime suspended.

*John H. Reynolds* for the appellant. A common carrier may limit his liability. (*York Co.* v. *Cent. R. R.*, 3 Wall., 111; *Parsons* v. *Monteith*, 13 Barb., 353; *Moore* v. *Evans*, 14 id., 524; *Lee* v. *Marsh*, 43 id., 102; *Dorr* v. *N. J. S. Nav. Co.*, 1 Kern., 435.) The limitation of value to fifty dollars was valid. (*Cray* v. *Hart. F. Ins. Co.*, 1 Blatch., 280; *Reilly* v. *Etna Ins. Co.*, 30 N. Y., 136; *Roach* v. *N. Y. & E. Ins. Co.*, id., 546; *Wolf* v. *Myers*, 8 Sandf., 7; *Newstadt* v. *Adams*, 5 Duer, 43; *Moriarty* v. *Harnden's Exp.*, 1 Daly, 227; *French* v. *B. N. Y. & E. E. R. R. Co.*, 4 Keyes, 168; *Kalman* v. *U. S. Exp. Co.*, 3 Kansas, 205; *Manhattan Oil Co.* v. *C. & A. R. R. Co.*, 5 Abb. [N. S.], 289; *Van Toll* v. *S. E. R. R. Co.*, 12 C. B. [N. S.], 75, 104 Eng. C. L. R.; *Baxendale* v. *Gt. E. R. R. Co.*, 4 Law Rep., 42, B. 244; *Brehme* v. *Adams Exp. Co.*, 25 Md., 328; *Boorman* v. *Same*, 21 Wis., 152; *Grave* v. *Same*, 100 Mass., 505.) The issuance and acceptance of the receipt were valid, and effectually limited defendant's liability to fifty dollars in case of loss. (*Sweet* v. *Barney*, 23 N. Y., 335; *Moriarty* v. *Harnden Exp.*, 1 Daly, 227; *Breeze* v. *U. S. Tel. Co.*, 45 Barb., 274; *MacAndrews* v. *Electric Tel. Co.*, 17 Com. B., 84 E. C. L., 3; 12 Wend., 413; 1 Kern., 172; 12 Pet., 330; 45 Barb., 490; *King* v. *Woodbridge*, 34 Vt., 571; *Van Toll* v. *S. E. R. W. Co.* [*supra*]; *Dorr* v. *N. J. S. Nav. Co.* [*supra*]; 24 N. Y., 182; id., 223; 25 id., 44.)

*Rowland M. Hall* for the respondent. Common carriers cannot relieve themselves from liability by notice, even when brought to the knowledge of the party intrusting the property to their care. (*Blossom* v. *Dodd*, 43 N. Y., 264; *Dorr* v. *N. J. S. Nav. Co.*, 1 Kern., 485; *Rawson* v. *Penn. R. R. Co.*, Com. of App'ls, 1872; *Hollister* v. *Nowlen*, 19 Wend., 234.) There was no contract limiting defendant's responsibility in the present case. (*Buckland* v. *Adams Ex. Co.*,

97 Mass., 124; *Perry* v. *Thompson,* 98 id., 249.) To prove such a contract, sometimes more is necessary than the mere fact of the acceptance by plaintiff, as a receipt, a paper containing a notice claimed to constitute a contract. (*Blossom* v. *Dodd,* 43 N. Y., 264; *Grace* v. *Adams,* 100 Mass., 560; *Camden, etc., R. R. Co.* v. *Baldauf,* 16 Penn. St., 67; *Meyer* v. *Harnden's Ex. Co.,* 24 How. Pr. R., 290; *Perry's Cases,* 98 Mass., 249; *Limburger* v. *Westcott,* 49 Barb., 283; *Adams' Ex. Co.* v. *Haynes,* 42 Ill., 89.) The carrier could in no event limit his liability for fraud or gross negligence. (*Guillaume* v. *Ham. & Am. P. Co.,* 42 N. Y., 212; *Stein-weg* v. *Erie R. Co.,* 43 id., 123; *Merchants' Bk.* v. *N. J. S. Nav. Co.,* 6 How., 344; *York Co.* v. *Central R. R. Co.,* 3 Wall., 109; *Farnham* v. *Camden, etc., R. R. Co.,* 55 Penn. St., 53.)

LOTT, Ch. C. The exceptions taken on the trial present two questions.

1st. As to the admissibility of the contract in evidence, and

2d. As to its legal effect.

Two objections were raised by the plaintiff against its admission as competent proof; one was the want of a U. S. revenue stamp. That is not presented in the points of the respondent on this argument, and is, I presume, abandoned. If not, it will be sufficient to say that the stamps affixed on the trial, in the presence of the court, supplied the want, under the 163d section of the act of congress of June 30th, 1864. (13 U. S. Stats. at Large, 295.)

The other objection was that there was no evidence adduced that the knowledge of the contents of the receipt was ever brought home to the plaintiff, and it was insisted that evidence beyond the receipt itself on that point should be adduced.

This position is untenable. The presumption of law is, that a party receiving an instrument, in the transaction of any business, is acquainted with its contents.

It is not shown, nor is there any evidence whatever warranting the inference, that the wife of the plaintiff, when she took the receipt, did not know and was not fully informed of what provisions it contained and fully understood them. The instrument itself bears on its face notice that it is not merely a receipt for goods, in the ordinary acceptation of the term. It is of considerable length, containing several consecutive provisions, and the one in question is immediately after the acknowledgment that the articles were received for transportation, and a party receiving that acknowledgment would naturally direct his attention to what follows it, and read it; and I find no proof showing or tending to show that it was not all read and understood. So far as the case shows, the business was transacted with due care and deliberation by the plaintiff's wife, and there was no fraud, imposition, concealment or improper practice or conduct of any kind on the part of the express company or its agents in the progress of the transaction, and I am not aware of any rule or principle, nor has the counsel of the plaintiff advised or informed us of any, which requires a party giving an instrument to another, declaratory of their mutual rights and obligations, to prove affirmatively that the person receiving or accepting it had knowledge of it contents, in the absence of any proof or circumstances either to raise the presumption or inference of the want of such knowledge, or in any manner tending to impeach the *bona fides* of the transaction.

This case is entirely different in its material facts and circumstances from that of *Blossom* v. *Dodd* (43 N. Y. [4 Hand], 264), cited by the respondent's counsel. From the facts disclosed therein, it appeared that a passenger in a railroad car, dimly lighted by a single light at one end, delivered two baggage checks to an express messenger and received in return a card or receipt on which the numbers of the checks were entered, and which also contained an agreement below the receipt and separated therefrom by a line drawn under it, limiting the liability of the company, printed in much smaller type than the rest of the card or receipt. It was not read by

the passenger, and was in fact illegible where he was sitting. The card or ticket was not signed by any one, and did not appear like a contract, and would not from its general appearance be taken for anything more than a token or check, denoting the numbers of the baggage checks received, to be used for the identification of the baggage on its delivery, and Judge CHURCH, in the conclusion of his opinion, says that no contract was proved:

1st. Because it was obscurely printed.

2d. Because the nature of the transaction was not such as necessarily charged the plaintiff with knowledge that the paper was a contract, and

3d. Because the circumstances attending the delivery of the card repelled the idea that the plaintiff had such knowledge or assented to the terms of the alleged contract.

In the case under review, the plaintiff's wife received the instrument as evidence of the fact that the property was delivered by her for transportation as freight, and not merely as the ordinary baggage of a passenger; and the learned judge, in that opinion, fully recognizes the rule, that a person receiving a bill of lading on the delivery of property to a carrier for transportation in the ordinary and usual course of business, knows that it is a contract containing the terms and conditions upon which it is to be carried, and he, by the acceptance of it, assents to those terms and conditions.

It follows as a conclusion, from what has been said, that there was no error committed in permitting the instrument in question to be read in evidence.

2. Its effect will now be considered. The parties appear to agree upon two propositions, as established by the decision of the courts in this State.

1st. That the appellant, the Adams Express Company, is a common carrier.

2d. That common carriers may limit their liability by express contract.

The question, then, arises whether there was such a contract in this case. The instrument relied on as evidence of

the contract, as. has already been stated, does not merely acknowledge the delivery and receipt of the property in question to the express company for transportation, but, in · connection therewith, it is declared to be a part of the terms and conditions on which it was received that the company was not to be responsible for loss and damages resulting from certain specified causes, unless proved to have occurred from fraud or gross negligence of the company or its agents; and that the holder thereof should not, in any event, demand beyond the sum of fifty dollars, fixed as the value of the article to be carried, unless otherwise expressed. A party accepting such an instrument, as has been already shown, declares his assent by such acceptance, to those terms and conditions. They thereby become obligatory on both parties, and prescribe their mutual rights and obligations.

On the application of that rule to this case, the plaintiff assented (by omitting to have a different value expressed in the instrument) to the valuation of the property in question at the sum of fifty dollars, and to the restriction and limitation of his claim and demand for damages, in case of its loss, at that sum. Such liquidation of its value was for the advantage of both parties, to guard against controversy or difference of opinion in estimating it, in case of loss and damage, and as a protection against fraud. It is reasonable to assume that the price or compensation for the transportation of property has relation to the restricted or limited liability assumed on agreeing to transport it, and is to a great degree regulated and graduated by its value; and if a party only pays the price fixed for articles of small value, or estimated at a low sum, he himself bears all risks beyond that value or price. The plaintiff in this case must be assumed to have paid freight on the trunk in question and its contents, worth $467, at the rate prescribed for an article not exceeding fifty dollars in value. He was then willing and agreed to assume all risks for the excess in value, and to relieve the company from all liability on account thereof beyond that sum. He can with no more propriety or justice claim remuneration

therefor than the company could demand additional freight thereon.

The rulings of the judge at the circuit were in accordance with those principles, and the General Term appear to have placed their decision, in directing a new trial, on the ground that the provision to which I have above referred, although contained in the receipt itself, was a notice merely, which it is said, in the opinion of the court, "at most is only a proposal for a special contract which requires the assent of the other party." The material fact in this case appears to be entirely overlooked, that the plaintiff, by accepting the receipt as evidence of the defendant's obligation and liability, gave his assent to what was considered as a proposal, and to all its terms and conditions, and that it thereby became operative and effectual as a contract.

The views above expressed show that the order of General Term, in setting aside the verdict and ordering a new trial, was erroneous. It must, therefore, be reversed and judgment on the verdict must be rendered against the defendant, with the costs of both appeals to the appellant.

All concur.

Order reversed, and judgment accordingly.