## HUNTINGTON V. DINSMORE.

*Common carrier — receipt limiting liability given by. Evidence — price paid carrier for freight. Agency — when promise by agent does not bind principal.*

In the absence of fraud or imposition a receipt delivered by a common carrier to a person shipping goods must be held to be the contract between the parties.

Accordingly, in an action against an express company for the loss of a package, *held,* that the plaintiff was bound by the terms of a receipt which was delivered to him by the agent of the company at the time the package was sent limiting the liability of such company for loss.

*Held,* also, that it was immaterial that plaintiff paid a greater than ordinary price for transportation, or that the company's agent after the loss made promises of making the same good.

APPEAL by plaintiffs from a judgment in favor of defendant, entered upon a verdict directed by the court.

The action was brought by Charles H. Huntington and another against William B. Dinsmore, president, etc., of the Adams Express Company, to recover for the loss of two packages of money. The facts were as follows:

The plaintiffs' agent at St. Louis, Missouri, in January, 1866, delivered to the agent of said express company at that place said packages, which contained about $2,500, and requested him to send them to plaintiffs at Natchez, Mississippi, where plaintiffs resided. At the time the packages were delivered, the express company's agent gave to plaintiffs' agent a receipt therefor reading as follows:

"ST. LOUIS, *January 27,* 1866.

"Received from Lewis Nanson & Co., two packages, sealed and said to contain twenty-five hundred dollars, addressed — Huntington & Pitkin, Natchez, Miss.

"Upon the special acceptance and agreement that this company is to forward the same to its agent nearest or most convenient to destination only, and there to deliver the same to other parties to complete the transportation — such delivery to terminate all liability of this company for such package ; and also that this company are not to be liable in any manner, or to any extent, for any loss or

Huntington v. Dinsmore.

detention of such package, or of its contents, or of any portion thereof, occasioned by the acts of any person or persons acting or claiming to act in any military or other capacity in hostility to the government of the United States, or occasioned by civil or military authority, or by the acts of any armed or other mob, or riotous assemblage ; nor when occasioned by the dangers of railroad transportation, or ocean or river navigation, or by fire or steam. In no event is this company to be liable for a greater sum than that above mentioned."

The receipt was signed by defendant's agent. The conditions were printed in very small type.

The lines of the Adams Express Company did not reach to Natchez, but only as far as Cairo, Illinois, in that direction. At Cairo the packages were delivered to the Southern Express Company to convey to Natchez, and while between Cairo and Natchez, in the course of transportation, were lost by the explosion of the boiler of the steamboat on which they were being carried.

On the trial the plaintiff's counsel offered to read from the testimony of a witness taken upon a commission, this : "I think I paid him an extra amount of freight to insure their delivery." This, upon defendant's objection, was excluded.

Evidence was given by one of the plaintiff's witnesses that in interviews with defendant's agent at St. Louis, the agent had promised that the matter would be satisfactorily arranged, and the company would refund the amount, and plaintiff's counsel asked the court to submit to the jury, among other things, the question whether defendant had promised to refund the amount of loss, which request the court refused.

*E. Terry,* for appellants.

*Chas. M. DaCosta* and *S. A. Blatchford,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. In the absence of fraud or imposition the receipt delivered by the agent of the defendant to the person shipping the packages must be held to be the contract between the parties.

We see no facts in the papers upon which this case can be dis-

tinguished from cases lately decided by the Court of Appeals, and which must be deemed to settle the law of this State. See *Belger* v. *Dinsmore*, 51 N. Y. 166 ; *Collender* v. *Dinsmore*, 55 id. 200 ; *Wetzell* v. *Dinsmore*, 54 id. 496 ; *Magnin* v. *Dinsmore*, 56 id. 168 ; *Long* v. *N. Y. C. R. R. Co.*, 50 id. 76 ; *Root* v. *Great W. R. R. Co.*, 45 id. 524 ; *Reed* v. *U. S. Ex. Co.*, 48 id. 462 ; *Babcock* v. *L. S. & M. S. Railway Co.*, 49 id. 491 ; *Breese* v. *U. S. Telegraph Co.*, 48 id. 132.

We should be quite certain to come in conflict with some one or more of these cases were we to hold that there was any thing in this case to justify the court below in holding, or the jury in finding, that the plaintiffs were not bound by the terms of the receipt. This we think is the controlling question. It is not material whether or not the plaintiff's agent paid a greater or less than usual freight for carriage ; nor was it legitimate to show what defendant's agent said or promised about making the loss good after the recovery of the safe. He was not shown to be authorized to make any such promise, or to bind defendant by such declarations or admissions.

The judgment is, therefore, affirmed.

*Judgment affirmed.*