THE GERMANIA FIRE INSURANCE COMPANY et al., Appellants, *v.* THE MEMPHIS AND CHARLESTOWN RAILROAD COMPANY, Respondent.

Where goods are delivered to a carrier for transportation, and before the goods are shipped a bill of lading or receipt is delivered by him to the shipper, the latter is bound to examine it and ascertain its contents, and if he accepts it without objection, he is bound by its terms; he cannot set up ignorance of its contents, and resort cannot be had to prior parol negotiations to vary them.

To take a case out of this general rule, it must appear that before the delivery of the bill of lading the goods have been shipped, so that the shipper could not have reclaimed them had he objected to the contents of the bill of lading.

*Bostwick* v. *The B. & O. R. R. Co.* (45 N. Y., 712) distinguished.

When a bill of lading contains a clause exempting the carrier from loss by fire, there is no liability for such loss, unless it appears that it occurred through his negligence.

(Argued December 11, 1877; decided January 15, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of plaintiffs entered upon the report of a referee and granting a new trial. (Mem. of decision below, 7 Hun, 233.)

This action was brought to recover for loss and damage to a quantity of cotton shipped by defendant's road from Memphis to New York. The evidence shows that on February 17, 1868, at the city of Memphis, one Rossel was the owner of 406 bales of cotton; on that day he made a verbal arrangement with the general freight agent of the defendant, at that place, as to the rate of freight for the transportation of said cotton from Memphis to the city of New York. On the eighteenth of February, Rossel delivered the cotton to defend-

ant; and after the delivery, but on the same day, received trip-licate bills of lading, similar in form to those which had been used on defendant's road for cotton carried through by them since December, 1866. Rossel was a business man in the city of Memphis, and had, on the fifteenth of January pre-viously, shipped over the road 150 bales of cotton on a bill of lading containing the same clauses and stipulations which were in the bills above mentioned. One of the clauses exempted defendant from liability for damages by fire. On the same day, after the receipt by him of the bills of lading, Rossel effected an insurance with plaintiffs upon the cotton, by the terms of which the insured agreed to assign to plaintiffs all claims against the carriers for loss or damage by fire. The referee finds that the cotton left Memphis the eighteenth or nineteenth of February. The cotton was damaged, and in part destroyed by fire while in transit; Rossel assigned his claim against defendant to plaintiffs. Rossel testified that the printed clauses and conditions of the bill of lading were not read to him at the time of the delivery thereof to him, and that he did not himself read them. No objection was made to them by him, and the bills of lading were retained until after the fire.

*Samuel Hand*, for appellants. The fact that in previous bills of lading received by Rossel the clause exempting the carrier from liability for loss by fire occurred did not affect the present contract by parol. (*Bostwick* v. *B. & O. R. R. Co.*, 45 N. Y., 712; *Clyde* v. *Graver*, 54 Pa., 251; *Hill* v. *R. R. Co.*, 8 Hun, 296; *Coffin* v. *R. R. Co.*, 64 Barb., 379, 56 N. Y., 632; *Strohn* v. *R. R. Co.*, 21 Wis., 554; *Perry* v. *Thompson*, 98 Mass., 249.) Even upon the assumption that the bill of lading was delivered on the contract of shipment, the plaintiffs would be entitled to recover. (*Hall* v. *R. R. Co's*, 13 Wal., 367.)

*Edgar S. Van Winkle*, for respondent. The bill of lading was controlling in this case. (50 N. Y., 76.) A

common carrier may limit his liability, except as to negligence, by agreement, though not by notice. (*Kirkland* v. *Dinsmore*, 62 N. Y., 171; *Mangin* v. *Dinsmore*, 56 id., 168, 171; *Nelson* v. *H. R. R. Co.*, 48 id., 498; *York Co.* v. *Cent. R. R. Co.*, 3 Wal., 107, 111; *R. R. Co.* v. *Mfg. Co.*, 16 id., 318, 328; *N. & C. R. R. Co.* v. *Jackson*, 6 Heisk., 269, 275; *S. & N. A. R. R. Co.* v. *Henlein*, 52 Ala., 606; *R. R. Co.* v. *Lockwood*, 17 Wal., 357; *Bk. of Ky.* v. *Ad. Ex. Co.*, 3 Otto, 174; *Long* v. *N. Y. C. R. R. Co.*, 50 N. Y., 76; *Pindar* v. *Rens. F. Ins. Co.*, 47 id., 114; *Breeze* v. *U. S. Tel. Co.*, 48 id., 132; *Belger* v. *Dinsmore*. 51 id., 166; *Steers* v. *N. Y. & P. S. Co.*, 57 id., 1, 5; *Grace* v. *Adams*, 100 Mass., 505; *York* v. *N. & B.*, *R. W.* v. *Crisp. & T.*, 23 L. J. [N. S.] C. P. 125; *Stewart* v. *L. & N. W. R. Co.*, 33 L. J. [N. S.] Ex., 199; *Dorr* v. *N. J. S. Co.*, 1 Kern., 485; *Man. Oil Co.* v. *C. & A. R. R. & T. Co.*, 54 N. Y., 197; *Wetzell* v. *Dinsmore*, id. 496; *Shelton* v. *Mer. Dis. Tr. Co.*, 59 id., 258; *Bostwick* v. *B. & O. R. R. Co.*, 45 id., 712; *Mer. Mut. Ins. Co.* v. *Calebs*, 20 id., 173, 176, 177.) The burden of proving negligence was upon plaintiffs. (*Cochran* v. *Dinsmore*, 49 N. Y., 249; *Westcott* v. *Fargo*, 63 Barb., 349; *Tr. Co.* v. *Downer*, 11 Wal., 129; *French* v. *B.*, *N. Y. & E. R. R. Co.*, 4 Keyes, 108.)

Rapallo, J.   The bill of lading issued by the defendant for the cotton in question contained a clause exempting the defendant from liability for damages by fire.   If the shipper of the cotton was bound by the acceptance of this bill of lading to the terms therein contained, there could be no recovery in this action.   The plaintiffs claim, not in their own right, but through him, and are subject to any defense which would be available against him.   (*Hall* v. *R. R. Cos.*, 13. Wallace, 367.)   Where the bill of lading contains a clause exempting the carrier from loss by fire, there is no liability for such a loss, unless it was occasioned by the negligence of the carrier.   No such negligence is alleged in the complaint.   It avers that the cotton was in part destroyed,

and in part damaged by fire, and the referee has distinctly found that the carrier was free from negligence.

The only point, therefore, to be determined was, whether the shipper was bound by the terms of the bill of lading, or whether he had a right to rely upon the oral arrangement, made the day before the delivery of the goods to the carrier, by which the price of transportation was fixed. The referee found that this oral arrangement, and not the bill of lading, was the agreement under which the goods were shipped, but the General Term reversed the judgment upon the facts.

As a general rule, when goods are delivered to a carrier for transportation, and a bill of lading or receipt is delivered to the shipper, he is bound to examine it and ascertain its contents; and if he accepts it without objection, he is bound by its terms, and resort cannot be had to prior parol negotiations to vary them. (*Long* v. *N. Y. Central R. R. Co.*, 50 N. Y., 76.) Neither can he set up ignorance of its contents. (*Belger* v. *Dinsmore*, 51 N. Y., 166; *Steers* v. *Liverpool, etc., S. S. Co.*, 57 N. Y., 1; *Maghee* v. *C. & A. R. R. Co.*, 45 N. Y., 514.)

The case of *Bostwick* v. *The Balt. & O. R. R. Co.* (45 N. Y., 712), does not depart from this rule. It was exceptional in its circumstances. There a complete verbal contract had been made for the transportation of the goods. They were agreed to be carried by "all rail," and were delivered to the carrier, and actually sent off on their route under this agreement before any bill of lading was delivered. Two days after they had been sent, a bill of lading was delivered varying in its terms from the oral agreement, and it was held that the shipper was not bound by the terms of this bill of lading. Whether he read it or not was immaterial, except upon the question whether his retention of it was evidence of an actual consent to vary the contract under which he had shipped the goods. He was in no situation to object to its terms, and could not have reclaimed his goods. In the present case the bill of lading was delivered to the shipper, and accepted by him the same

day the goods were delivered to the carrier, and he on the same day effected the insurance, delivering the bill to the party to whom he applied for insurance. It is not apparent, from the testimony, that the goods had then left. On the contrary, the General Term is of opinion that they had not, and that the weight of the evidence was that they did not leave until the next day. We are not prepared to dissent from their conclusion. The negotiation for the price of transportation was on the 17th of February, 1876. The goods were delivered to the railroad company on the eighteenth. It was the custom not to deliver a bill of lading until after the goods had been received. On the same day the bill of lading was delivered. It is not shown that the train on which the cotton was shipped had then left, or that the defendant had lost the control of his goods and could not have reclaimed them, had he objected to the terms of the bill of lading. The finding of the referee is that the goods left on the eighteenth or nineteenth. To take the case out of the general rule, it was incumbent upon the plaintiffs to show the exceptional circumstances which existed in the case of *Bostwick* v. *The Balt. & Ohio R. R. Co.*, and this they failed to do.

The order of the General Term must be affirmed, and judgment absolute rendered for the defendant.

All concur.

Order affirmed, and judgment accordingly.