O'Bryan v. Kinney.

O'BRYAN v. KINNEY, *Appellant.*

1. **Common Carrier**: BILL OF LADING: EVIDENCE. If a shipper receives a bill of lading at the time the shipment is made, and does not object to its terms either then or at any time before it is too late to reclaim the property, in the absence of fraud or mistake, he is bound by it; and it does not matter that he did not read it or know its contents. It was his duty to have informed himself. In such case evidence of a prior verbal agreement as to the transportation is inadmissible.

2. ———— : PRINCIPAL AND AGENT: EVIDENCE. Statements of the master of a steamboat made after the transaction to which they relate is at an end, are not evidence against the owner.

*Appeal from Cooper Circuit Court.*—HON. GEO. W. MILLER, Judge.

REVERSED.

*Draffen & Williams* for appellant.

*John Cosgrove* for respondent.

HENRY, J.—Defendant was the owner of the steamboat Kate Kinney, navigating the Missouri and Mississippi rivers, and engaged as a common carrier of passengers and freight. The petition alleged that on the 20th of August, 1876, plaintiffs, partners in buying and selling cattle, made a contract with the defendant to receive on said boat, on the 29th of August, 1876, 102 head of cattle, 100 at Saline City, and two at Old Franklin, and transport them to the levee opposite St. Louis, by daylight of the morning of the 31st of August, 1876, at $1.75 per head, and that the agreement to deliver them at East St. Louis at that time was a special inducement for plaintiffs to ship them on said boat; that the cattle were received on said boat, 100 at Saline City and two at Old Franklin, and were not delivered at East St. Louis until ten o'clock September 1st, 1876, and that by reason of the delay plaintiffs sustained damages by shrinkage in the weight of the cattle, and a decline in the

market, in the sum of $850. The answer denied the agreement stated in the petition ; and alleged the contract to have been to deliver the cattle without delay, the dangers of fire, navigation, explosion, collision, bridges, etc., excepted, and averred that the cattle were received and carried under said contract and delivered without unnecessary delay, etc. Plaintiffs had judgment for $650, from which defendant has appealed.

It appears from the evidence that defendant was owner and William Young master of the boat, and there was evidence tending to prove the verbal agreement with the latter, as alleged by plaintiffs, to which defendant objected as incompetent, but his objection was overruled. 100 head of the cattle were received at Saline City, on the Missouri river, a few miles above Old Franklin, and two head at Old Franklin, opposite Booneville where O'Bryan resided. When the 100 head were received at Saline City, a bill of lading was delivered to one Ballard, who delivered the cattle, which was as follows: " Received from W. A. McNulty, in apparent good order and condition, on board the good steamboat Kate Kinney, the following articles marked as below, which are to be delivered, without delay, in like good order, (the dangers of navigation, fire, explosion, collision, bridges and all known and unknown obstructions excepted,) to Irons, Cassidy & Co., at East St. Louis, on levee or wharf-boat, he or they paying freight at the rate of $1.75 and charges." On receipt of the two head at Old Franklin, a bill of lading for them, similar in all respects, except in the number of cattle, was delivered to O'Bryan.

Such being the facts, was evidence of the oral agreement admissible ? "As a general rule, when goods are delivered to a carrier for transportation, and a bill of lading or receipt is delivered to the shipper, he is bound to examine and ascertain its contents; and if he accepts without objection, he is bound by its terms, and resort cannot be had to prior parol negotiations to vary them." *Germania Fire Ins. Co. v. M. & C. R. R.*

1. COMMON CARRIER: bill of lading: evidence.

*Co.*, 72 N. Y. 93 ; *s. c.,* 28 Am. Rep. 113.    To the same effect are *Long v. N. Y. Cent. R. R. Co.,* 50 N. Y. 76 ; *Belger v. Dinsmore,* 51 N. Y. 166 ; *Steers v. Liverpool, etc., S. S. Co.,* 51 N. Y. 1 ; *Maghee v. C. & A. R. R. Co.,* 45 N. Y. 514. But when a complete contract has been made and the goods delivered to the carrier, and afterward, while the goods are *in transitu,* a bill of lading is delivered varying in its terms from the verbal agreement, the shipper is not bound by the terms of the bill of lading, but may stand upon the verbal contract.    Such was the case of *Bostwick v. B. & O. R. R. Co.,* 45 N. Y. 712, relied upon by plaintiffs.    In the *Germania Ins. Co. v. M. & C. R. R. Co., supra,* the distinction was drawn between that and *Bostwick v. B. & O. R. R. Co.,* that in the latter the shipper was in no condition to object to the terms of the bill of lading, and could not have reclaimed the goods which were then on the way to their destination. Here, O'Bryan, who received the bill of lading, when the two head of cattle were taken on board the boat at Old Franklin, was in a condition to object to the terms of the bill of lading and reclaim the cattle.    That he did not read the bill of lading, or know its contents, makes no difference.    He might have read it, and it was his duty to do so, and in the absence of fraud or mistake, "the writing must be taken as the sole evidence of the final agreement of the parties."    *Long v. N. Y. C. R. R. Co.,* 50 N. Y. 76 ; *Snider v. Adams Ex. Co.,* 63 Mo. 377 ; *Grace v. Adams,* 100 Mass. 507 ; *s. c.,* 1 Am. Rep. 131 ; *Belger v. Dinsmore,* 51 N. Y. 166 ; *s. c.,* 10 Am. Rep. 575.

On the trial of the cause, plaintiffs, over defendant's objections, were permitted to prove certain statements made by Young, after the transaction was at an end.    If admissible, they had an important bearing on the case, but they were wholly inadmissible.    This question is fully discussed in *McDermott v. H. & St. Jo. R. R. Co.,* 73 Mo. 516.    A reference to that case, as decisive of this question, is all that we deem necessary.

Nor is it necessary, in the view we have taken of the

2. ———: principal and agent: evidence.

first question herein considered, to decide whether evidence offered by defendant was admissible to show that time contracts were never made by masters of steamboats navigating the Missouri river, and that this was well understood by the shipping public. It was intended to show that if Young made the contract alleged, he had exceeded his authority, and defendant was not bound by it. If the bill of lading is the sole evidence of the contract, in the absence of fraud and mistake, and neither was alleged nor proved, then it is wholly immaterial whether there was a verbal contract or not. The judgment is reversed and the cause remanded. All concur.