(19 Misc. Rep. 43.)

## GILLESPIE v. PLATT.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

CARRIERS—LIMITATION OF LIABILITY—FRAUD.

Where an express company's bill of lading limits the company's liability in case of loss to cases of fraud or gross negligence, and the amount of damages to $50 unless the just and true value be stated, and a receipt for the package delivered to the company was obtained from the consignee by the fraud of the company's driver, the limitation of the amount of liability does not apply, and the company is liable for the full value of the package.

Appeal from First district court.

Action by Lawrence L. Gillespie, by guardian, etc., against Thomas C. Platt, as president of the United States Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Francis J. Kimball, for appellant.

Robert M. Gillespie, for respondent.

BISCHOFF, J. The plaintiff, through an agent, consigned a package containing a piece of jewelry to the defendant for transportation to his home at Seabright, N. J., under a contract the terms of which were expressed in a bill of lading, or shipping receipt, delivered by the defendant's agent at the time when the package came into his custody for shipment. The only provision of this contract now material was as follows:

"It is further agreed that this company is not to be held liable or responsible for any loss of or damage to said property, or any part thereof, from any cause whatever, unless in every case the said loss or damage be proved to have occurred from the fraud or gross negligence of said company or their servants, nor in any case shall this company be held liable or responsible, nor shall any demand be made upon them, beyond the sum of fifty dollars, at which sum said property is hereby valued, unless the just and true value thereof is stated herein."

No value was stated at the time of shipment, and this shipping receipt, which is not in any way attacked for fraud, concealment, or improper practice, must be held to express the contract of the parties (Belger v. Dinsmore, 51 N. Y. 166), and to have effected a limitation upon the defendant's liability for loss occasioned by reason of negligence to the sum of $50 (same case, where the limitation clause was practically identical). The judgment rendered was for $100, the value of the package as proven by the plaintiff; and this recovery proceeded upon the ground that fraud in the treatment of the property when in the hands of the defendant's agent appeared, and that this fraud, being chargeable to the defendant, or his company, brought the case without the exemptions of the contract.

The shipment of this package was not disputed, nor that it came into the hands of the defendant's agent at Seabright, together with other goods, for delivery at the plaintiff's home. These other goods were delivered to a servant in the plaintiff's household, but this servant testified that the package in suit had not been delivered; and as to the situation of the package at this point there was a direct conflict between this servant's testimony and that of the defend-

ant's servant, the driver of the delivery wagon, who testified that he had delivered to her this identical package, of which, in view of its appearance and value, he had taken mental note. There was, however, some corroboration of the plaintiff's servant's testimony,— that given by the plaintiff's mother. The plaintiff's servant had signed a receipt for this package, together with two others, but this receipt was so framed by the defendant's agents that but two signatures by the party receiving the packages were called for; two items of receipt having been entered upon one line, and the signature being required at the end of the line, according to the form of the paper. Thus the assertion of the plaintiff's servant that she had received but two packages, and had given a receipt for that number only, was not, under these circumstances, in conflict with the receipt, the probabilities being very fairly with her story given in explanation of the transaction.

The limitation of liability, it is conceded, does not apply in the case of fraud; and if the evidence supports an inference that the carrier or its employés kept the goods instead of delivering them, the company is liable for the full value of the goods, without any limitation. In this case it appears that the ring in question was given by the company to its driver to deliver to the plaintiff, and the finding of the justice establishes that it was not delivered. The driver swears that it was, and is contradicted by two persons. This is, therefore, not merely a question of nondelivery. The goods are traced to the company's agent, and he does not account for them except by saying that he delivered them, which the court finds is not the fact. The proof shows that the bill of delivery, as made out in the office of the company and given to the driver, could be used, by reason of its form, to perpetrate a fraud, and to render its immediate detection by the consignee difficult, if not impossible, while affording apparent protection to the driver and company. As we have said, there were three packages to be delivered to the consignee, but only two entries were made on the bill which the consignee was asked to receipt. One of the entries was obscurely worded, so as to read for two packages, while it might be easily mistaken as intending but one. The fact is found that two packages only were delivered at the consignee's house to his servant, and the bill was presented to be receipted only in two places. The two signatures were readily obtained, and the driver departed with a receipt for three packages, thus obtained by a means which readily lent itself to the easy perpetration of a fraud, and offered a temptation to commit it.

The limitation of liability in the contract receipt relieved the defendant from liability for nondelivery, but not from an affirmative act of wrongdoing, even if unintentional. Magnin v. Dinsmore, 70 N. Y. 410. It may be assumed that the act of the company in making out the waybill for the driver in the manner described was unintentional; that is, that it was not so made out with the purpose of enabling him to commit a fraud. But the act put it in his power to mislead the consignee into receipting for three packages when only two were delivered, and into believing that only two were to be delivered, and to mislead the company into believing that all the

packages had been delivered, thus preventing them from ascertaining the fact of nondelivery and making an immediate investigation so as to prevent loss to the consignee. The act of the company, therefore, in the manner it adopted for the delivery, was an affirmative act, and was wrongful, and takes the case out of the rule of exemption under the special contract.

Judgment affirmed, with costs. All concur.