(29 Misc. Rep. 590.)

MARQUIS et al. v. WOOD.

(City Court of New York, General Term. November 16, 1899.)

1. CARRIERS—CONTRACTS LIMITING LIABILITY—NEGLIGENCE.
 A contract for the transportation of goods, stipulating that the carrier shall not be liable for any damage in excess of a specified amount, nor, in any event, for more than the true value of the property, does not, by the attempt to limit the carrier's liability, relieve it from liability for a loss occasioned by its negligence.

2. APPEAL—OBJECTIONS TO EVIDENCE—STATING GROUNDS.
 An objection to evidence, which does not state grounds, is not available on appeal.

3. SAME.
 An objection to a question as incompetent and an exception does not give the excepting party any broader grounds for argument on appeal than were fixed by the objection.

4. CARRIERS—VALUE OF GOODS—EVIDENCE.
 In an action to recover of a carrier damages for a negligent loss of goods shipped under a contract limiting its liability for damages for loss,

evidence as to the value of the goods lost is admissible, for the limitation
does not relieve the carrier from liability for a loss due to its negligence.

5. SAME.

In an action to recover of a carrier for a portion of goods lost in ship-
ment, evidence as to the value of those delivered as fixing relatively the
value of those not delivered is admissible.

Appeal from trial term.

Action by Abraham Marquis and another against Theodore F.
Wood, treasurer, etc., to recover damages for goods lost in shipment.
From a judgment for plaintiff, and an order denying a motion for a
new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CON-
LAN, JJ.

Tracy, Boardman & Platt, for appellant.
Friend, House & Grossman, for respondents.

CONLAN, J. This is an appeal from a judgment entered upon the
verdict of the jury, and from an order denying a motion to set aside
the verdict for a new trial. On the 9th day of January, 1896, three
bales of fur, the property of the plaintiffs, were delivered to the
Pacific Express Company at Columbus, Mo., for shipment and de-
livery to the plaintiffs at New York in the due course of business.
The three bales came into the possession of the defendant as the
agent of the Pacific Express Company, to complete the transportation
thereof, and the defendant company, by some mistake, delivered the
bales to others than the plaintiff. When the error was discovered,
part of the goods were returned to the plaintiffs, and for the remain-
der this suit is brought. There is no dispute as to the facts, and it
will be conceded that no greater obligation could be imposed upon the
company completing the transportation of the goods than was as-
sumed by the company receipting therefor. The question for us to
consider on appeal is what construction should be put upon the re-
ceipt given, with regard to fixing or limiting the amount of recovery.
The trial judge, in charging the jury, said that a stipulation in a con-
tract of shipment that the value of the property did not exceed $50,
where the rates of transportation are based on such stipulation, did
not apply in a case of negligence, and the counsel for the appellant
cites the case of Belger v. Dinsmore, 51 N. Y. 166, as an authority
for the contrary holding. But the cases are not similar. In the
case cited the company was not in any event to demand more than
$50, and the court said:

"A party accepting such an instrument as has been already shown, declares
his assent by such acceptance to those terms and conditions."

But the case cited has been particularly distinguished from the
one at bar in Magnin v. Dinsmore, 56 N. Y. 168, where the court said:

"In Belger v. Dinsmore, supra, the contract stipulated for immunity to the
carrier, unless the loss should be proven to have occurred from the fraud or
gross negligence of the express company, in any event limiting the recovery
which might be had to $50, unless a greater value was specified. Effect was
given to it according to its terms, and the same decision was made in Steers
v. Liverpool, N. Y. & P. S. S. Co. upon a contract worded substantially the
same way, and the provision for a limited liability was held to take effect when

the loss was through negligence, inasmuch as all losses were excepted unless proved to have been occasioned by negligence."

In the case at bar the contract provided that said express company shall not be liable for any loss or damage to said property exceeding the sum of $50, and the courts in a number of instances have held that the carrier did not, by this attempt to limit his liability, relieve himself from a loss occasioned by his own negligence; nor would that appear to be the full limit intended to be fixed by the company in the present case, for the receipt also contained the words, "nor in any event shall said company be liable for more than the true value of the property." Judging, therefore, by the light of the foregoing authority, it was not error for the court to submit to the jury the question of value, nor of the plaintiff's right to recover more than $50 in the event that his loss or damage exceeded that sum. Evidence of value was permitted under a general objection, which did not state grounds, and the defendant excepted, but this cannot avail the defendant upon appeal; and again, an objection to a question as incompetent and an exception does not give to the excepting party any broader grounds for argument upon appeal than was fixed by the objection itself. A question as to what was the value of the goods at the time of the loss was clearly not incompetent, but went to the very point concerning which the inquiry was made, and the value sought as a matter of materiality upon the amount which might be recovered. It may have been a difficult matter to prove value, but we are not prepared to say that the evidence adduced was not clearly within the authority for its proper admission.

It was shown, and, indeed, conceded, that a portion of the goods had been lost, and the court permitted evidence of the value of those delivered as fixing relatively the value of those not delivered. They were in one consignment, of one kind, as testified to, and with reason, we think, a party might say what, for instance, was the value of one or two bales as measured by the value of a bale delivered. If one bale were worth $200, then it is not unreasonable to say that two bales were worth $400; or, if that be unfair, then to fix the price or value according to the number of skins received, and apply this measure of value to the number lost. In any event, we do not think that the defendant was prejudiced by the submission to the jury. The defendant gave no evidence of value whatever, and took no exception to the charge in any form, and must be held to have accepted the words of the trial judge to the jury, "In the case of negligence on the part of the express company, that part does not apply," referring to the defendant's contention that the company was exempted beyond $50.

Judgment and order appealed from must be affirmed, with costs. All concur.