## THE PRISCILLA.

### (District Court, S. D. New York. January 31, 1901.)

1. ADMIRALTY—JURISDICTION.

Where a steamship company, in accordance with its custom to receive passengers' baggage at its pier for transportation by its steamer, in anticipation of tickets to be obtained and afterwards presented, there receives baggage of a passenger, and gives him a receipt therefor, and he soon afterwards purchases a ticket, and presents it, with the receipt, but the baggage cannot be found, admiralty has jurisdiction of an action for its loss; its reception forming part of the maritime contract from the time of the purchase of the ticket.

2. PASSENGER'S BAGGAGE—LOSS BY NEGLIGENCE.

The loss of a passenger's baggage is presumptively by negligence of the carrier, it having been delivered into the custody of its proper agent, and no excuse being given for its disappearance.

In Admiralty.

Strong & Cadwalader, for claimant.
Washington E. Page, for libelant.

BROWN, District Judge. The evidence shows clearly a long-established practice and usage of the company to receive passengers' baggage at the Fall River pier, for transportation by the afternoon steamer, in anticipation of tickets to be obtained and afterwards presented. The libelant's dress case and his wife's trunk were received from the libelant's expressman by the proper agent of the company at the pier between 3 and 4 o'clock of the afternoon on which the Priscilla was to sail for Boston, and a receipt was given for the same in accordance with the usual custom. The articles were manifestly received by the company as personal baggage for transportation by the company as carrier, and not as warehouseman. Railroad Co. v. Belknap, 21 Wend. 354; Hickox v. Railroad Co., 31 Conn. 281. At about 5 o'clock the libelant purchased two tickets for Boston, for himself and wife, and soon afterwards exhibited them, together with the receipt for the baggage, to the agent on the pier opposite the Priscilla's gangway, and called for the trunk and dress case. The trunk was at once delivered, but the dress case was not found. On the representations of the persons in charge that the dress case would undoubtedly be found, probably on the steamer or elsewhere, the libelant took passage the same afternoon on the Priscilla, but the dress case in spite of all efforts afterwards to find it was not discovered.

Upon the long-established usage in evidence, it seems to me clear that the reception of the baggage was an incident of the company's maritime business, and in anticipation of its subsequent maritime contract of transportation, and formed part of the contract from the moment the ticket was purchased. The company's obligation was to

carry the purchasers of the tickets and their reasonable baggage already deposited with the company according to its custom of doing business; and that was a part of the libelant's right under the tickets purchased. The court has, therefore, jurisdiction of this action for its loss. The Moses Taylor, 4 Wall. 411, 18 L. Ed. 397.

The fact of the delivery of the dress case into the custody of the proper agent of the company is proved beyond question. The precise time of its loss cannot be determined. No excuse whatever being given for its disappearance, its loss is presumptively by the negligence of the company's agents. A limitation of liability to $100 for baggage, unless taken under special contract, was printed upon the passenger's ticket and formed a part of the body of the contract of transportation. It is competent for a carrier to restrict its liability to a reasonable amount unless an additional compensation be paid for a larger risk; and when that distinctly forms a part of the contract itself, as in this case, it is binding on the passenger. Railroad Co. v. Fraloff, 100 U. S. 24, 27, 25 L. Ed. 531; The Majestic, 166 U. S. 375, 384, 17 Sup. Ct. 597, 41 L. Ed. 1039; Id. (D. C.) 56 Fed. 244; Id., 9 C. C. A. 161, 60 Fed. 624, 630, 23 L. R. A. 746; Belger v. Dinsmore, 51 N. Y. 166; Zimmer v. Railroad Co., 137 N. Y. 463, 33 N. E. 642.

Decree for the libelant for $100, unless the respondent demands a reference to compute the damages, with costs.