### COGGSWELL v. WEIR.

(Supreme Court, Appellate Term. · November 14, 1906.)

1. CARRIERS—LOSS OF GOODS—LIMITED LIABILITY—EVIDENCE.

Where, in an action against an express company for loss of goods, the question whether plaintiff consented to vary the oral contract of shipment, so as to make it accord with the terms of a limited liability receipt, evidence that plaintiff did not read the receipt was admissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 695, 696, 726.]

2. SAME—LIMITED LIABILITY—ASSENT OF SHIPPER—QUESTION FOR JURY.

Where, in an action against an express company for loss of goods shipped from plaintiff's office, it did not appear that it would have been useless to have reclaimed the goods and asked for a return of the money paid for the transportation, on the carrier's tending a limited liability receipt therefor, whether plaintiff assented to the terms of such receipt was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 733.]

Dowling, J., dissenting.

Appeal from City Court of New York.

Action by William L. Coggswell against Lewis C. Weir, as president of the Adams Express Company. From a judgment of the New York City Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Guthrie, Cravath & Henderson, for appellant.

Albert I. Sire, for respondent.

DUGRO, J.   It seems that upon the principle referred to in Germania F. I. Co. v. M. & C. R. R. Co., 72 N. Y. 90, 28 Am. Rep. 113, and Guillaume v. General Transportation Co., 100 N. Y. 498, 3 N. E. 489, there was a question that should have been submitted to the jury, and this question was whether plaintiff consented to vary the oral contract so as to be in accord with the terms of the receipt.   Upon this question the evidence of plaintiff that he did not read the terms of the receipt as to the limitation of liability, doubtless, would have been material.   See 100 N. Y. 498, 3 N. E. 489.   If it appeared that the goods had actually been shipped from the office, and that thus a reclaiming of the goods would have been useless, and that plaintiff believed so, as in 100 N. Y. 491, 3 N. E. 489, or had inadvertently omitted to examine the printed conditions as in Bostwick v. Baltimore & O. R. Co., 45 N. Y. 712, the retention of the receipt would not have warranted an inference of an assent to its terms by the plaintiff; but, in this case, it did not appear that it would have been useless for plaintiff to have reclaimed the goods and asked for the return of the money paid.   There was sufficient evidence upon the question of plaintiff's assent to have required its submission to the jury.

The judgment must accordingly be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs.   DOWLING, J., dissents.