FRANK HILL, TO THE USE OF MARY A. FERRIS, DEFEND-
ANT IN ERROR, v. ADAMS EXPRESS COMPANY, PLAINT-
IFF IN ERROR.

Argued June 25, 1909—Decided November 30, 1909.

1. F. employed a transfer company to carry a box and its contents
   to a specified destination. H., the agent of the transfer company,
   marked the box with the name and address of the consignee and
   then, without authority from F., delivered it to an express com-
   pany, who contracted with him for the shipment and delivery of
   the box and its contents to the consignee and gave to him a bill
   of lading made out to him individually, containing certain restric-
   tions upon the express company's liability as a common carrier.
   The box and contents were destroyed by fire before reaching
   destination. *Held*, that for the purpose of determining the
   *quantum* of liability of the express company H., and not F., is to
   be considered as the shipper.

2. On the question whether a shipper who receives from a carrier
   a bill of lading, knowing that it contains a provision limiting
   the liability of the carrier to a specified amount, in case the
   goods consigned are lost or destroyed in transit, is bound by such
   provision if he makes no objection to it. *Atkinson* v. *New York
   Transfer Co.*, 47 *Vroom* 608, followed, and the binding force of
   the provision affirmed.

3. In the absence of proof to the contrary the law presumes that a
   shipper reads the bill of lading delivered to him by a carrier, or
   otherwise becomes informed of its contents.

On error to the Supreme Court, whose opinion is reported in
48 *Vroom* 19.

For the plaintiff in error, *Joseph H. Gaskill* and *Thomas
L. Gaskill.*

For the defendant in error, *Joseph B. Tyler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was instituted in
the District Court of the city of Camden, to recover from the
Adams Express Company the value of a box and contents be-
longing to Mary A. Ferris, which were destroyed by fire at
the defendant company's terminal office at the Hudson river.

The following are the material facts proved at the trial in that court:

Frank J. Hill, the titular plaintiff, was the representative of the Union Transfer Company in the city of Camden, and as such representative he was requested by Miss Ferris to ship a box for her to Dundalk, Ireland. In compliance with this request he sent one of the transfer company's wagons with its driver to Miss Ferris' residence for the box. The box was delivered to the driver, and he took it to the transfer company's office, where it was marked with an address furnished by Miss Ferris. After this was done Hill sent the box to the office of the defendant company in Camden, with instructions to that company to ship it to destination. The agent of the Adams Express Company, upon the delivery of the box to him, and the payment of the amount of that company's shipping charges, handed to the driver of the Union Transfer Company, who had brought the box, a bill of lading, partly printed and partly written, made out in the name of Hill as shipper, which contained, among others, a provision that the rate charged by the defendant company was based upon a value not exceeding $50, unless a greater value was declared, and that the shipper agreed that the value of the property was not more than $50, unless a greater value was stated therein. It also contained the further provision that the defendant company should not be liable in any event for more than $50, if no value was stated therein. No statement as to the value of the box and its contents was requested by the defendant company's agent, or made by the transfer company's driver, and no value was stated in the bill of lading. The driver received the bill of lading without objection, took it to the office of the transfer company, and there delivered it to Hill. A day or two later the latter sent it to Miss Ferris. By the time she received it the box and its contents had already been destroyed by fire. Miss Ferris, at the time when she employed the Union Transfer Company to ship her box, conferred no authority upon it, or upon any of its agents or employes, to make any representation for her as to the value

of the box and its contents, or any special contract with relation to its shipment.

On proof of the recited facts being submitted to the District Court judgment was rendered by it in favor of the plaintiff, and on appeal to the Supreme Court that judgment was affirmed by the latter tribunal.

The principal question considered by the Supreme Court was how far the provision in the bill of lading limiting liability protected the defendant against the plaintiff's claim, and, in determining it, the court assumed that the parties to the instrument were the defendant and Miss Ferris, the owner of the destroyed property. As Miss Ferris did not receive the bill of lading, or have any knowledge of its contents, until after the destruction of her property, she, of course, could not be held to have consented to its provisions, except upon the theory that the employes of the transfer company represented her for the purpose of accepting it. The Supreme Court held that no such right of representation existed in these employes, and, consequently, that the bill of lading did not constitute a contract between the carrier and the shipper, the terms of which were binding on Miss Ferris. So holding it reached the conclusion that the exemption provision contained in the bill of lading afforded no protection to the defendant company against the claim of the plaintiff.

We do not find it necessary to pass upon the soundness of the legal proposition contained in the opinion of the Supreme Court, that the driver of the transfer company, if that company was employed by Miss Ferris to deliver the box to the Adams Express Company for shipment by the latter, could not bind her by accepting the bill of lading, in the absence of express authority from her to do so, for, in our opinion, it is not involved in the case in hand. We find nothing in the proof which tends to show that Miss Ferris employed the Union Transfer Company to carry her box to the Adams Express Company for shipment by that company. On the contrary, the inference to be drawn from the proofs is that, when she delivered it to the transfer company, she expected that company to carry it forward to destination, and did not at

all contemplate that it would be turned over by that company to another carrier for transshipment. Nor is there anything in the case to support the conclusion that, in contracting for the shipment of the box, the Adams Express Company understood that Hill was not acting for himself, but for an undisclosed principal. No such suggestion was made by the transfer company's driver when he delivered the box, and the bill of lading is made out in favor of Hill individually, and not as agent for another. In receiving the box the defendant company dealt with Hill as the shipper; its contract was made with him, and imposed upon it no responsibility to answer to Miss Ferris, the real, but undisclosed, owner, in case of loss or destruction of the property delivered to it.

The real question which this case presents is whether the provision contained in the bill of lading which the defendant company's agent delivered to the driver of the transfer company operated to limit its liability to Hill beyond the sum of $50. In the case of *Atkinson* v. *New York Transfer Co.,* 47 *Vroom* 608, we held that a provision in a bill of lading which recited that the shipping charge was based upon a specified valuation, and declared that the carrier should not be liable for loss by negligence, or otherwise, in excess of the amount so specified, was binding upon the shipper if, knowing of the existence of such a provision therein, he received it without making any objection on that account. The present case comes within that ruling. There was no proof that the driver, when he received the bill of lading, did not know it contained the provisions referred to, or that Hill, when he received the document, was ignorant of that fact. The law presumes, in the absence of proof to the contrary, that they read the paper, or were otherwise informed of its contents. *Strohn* v. *Detroit and Milwaukee Railway Co.,* 21 *Wis.* 562; *McMillan* v. *Michigan Southern Railroad Co.,* 16 *Mich.* 112; *Belger* v. *Dinsmore,* 51 *N. Y.* 166; *Steers* v. *Liverpool and New York Steamship Co.,* 57 *Id.* 1; *Grace* v. *Adams,* 100 *Mass.* 506. This presumption exists generally in favor of carriers against shippers. In the present case its force is enhanced by the fact that both Hill and his driver were engaged

in the carrying business, and that, for this reason, were, it may fairly be inferred, familiar with the ordinary provisions of bills of lading.

On the proofs submitted the amount of the recovery against the defendant company should have been limited to the sum specified in the bill of lading.

The judgment under review will be reversed, and a new trial by the District Court ordered.

*For affirmance*—None.

*For reversal*—The Chief Justice, Reed, Trenchard, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, Congdon, JJ. 12.