———o———

JOHN T. COATES, Defendant in Error, v. THE UNITED STATES EXPRESS COMPANY, Plaintiff in Error.

1. *Carriers — Associations of — Joint liability for losses at any point in transit.*—Where carriers on connecting routes form associations and arrangements for the purpose of carrying goods or parcels through the whole line, they are, beyond question, partners, and each is responsible for any loss or injury to goods which may happen, in whatever part of the line it occurs.

2. *Carriers — Express companies — Goods lost in transit beyond their line of transport, who responsible for.*—In a suit against an express company for goods lost in transit beyond its line of conveyance, where the evidence showed no payment for the whole route, and no understanding, usage or agreement that the company assumed to be responsible for the goods after they left its own line: *held,* that it was only bound under its contract or undertaking to transport them safely to the point on its line nearest the place of destination, and then to deliver them to the proper carrier to be forwarded. and that having done this it was not responsible for a subsequent loss.

*Error to Fourth District Court.*

*Cline, Jamison & Day*, with *Henry & Williams*, for plaintiff in error.

I. In the absence of a special contract, the carrier is only liable for the extent of his own route, and for safe storage and delivery to the next carrier. (1 Redf. on Railw. 282, 283 ; Van

Santvoord v. St. John, 6 Hill, 158; Hood v. N. Y. & N. H. R.R. 22 Conn. 1, 502; 23 Verm. 186; Nutting v. Conn. R.R., 1 Gray, 502; 25 Wend. 66; 24 Conn. 468.)

II. When goods are delivered to a carrier marked for a particular place, he is only bound to transport and deliver them according to the established usage of the business, whether that usage be known to the shipper or not. (6 Hill, 157; 18 Verm. 140; 23 Verm. 209; Hempstead v. N. Y. Central R.R. Co., 28 Barb. 485; 2 Pars. on Cont. 212.)

*Porter Brothers*, for defendant in error.

I. Although the U. S. Express Company did not, by its own line, reach nearer to Trenton than Macon, yet, having delivered the package to the American Express Company, it made the latter company its agent, and through such agency forwarded the package beyond Macon, and is therefore responsible to the same extent as if the package had been forwarded by their own line. (St. John v. Van Santvoord, 25 Wend. 660.)

II. And such agency existed, although such delivery was made in accordance with custom, and may have been with the knowledge, express or implied, of the defendant in error. Although the company may have had the right, according to custom, to re-ship, their liability still continued after their re-shipment. (Little v. Semple, 8 Mo. 99; Carr v. Steamboat Michigan, 27 Mo. 196.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant, as a common carrier, to recover the sum of $300, alleged to have been delivered to it for transmission from the town of Allen, in Randolph county, to the town of Trenton, in Grundy county.

On the trial, it was agreed between the parties that the express company received the package, and that it contained $300; that the company forwarded it to Macon City, which was the nearest point of destination reached by the company, and that it there transferred and delivered the package to the American Express

Company, which was a responsible forwarding agent, and the only express company forwarding from Macon City to Trenton, and that it was the usual line for carrying express matters upon that route.

The following is a copy of the receipt given by the company at the time it received the package:

"UNITED STATES EXPRESS COMPANY, }
ALLEN, December 2, 1865. }

"Received of John T. Coates one package, said to contain money valued at three hundred (300) dollars, and marked Cliff A. Evans, Trenton, Mo., which we undertake to forward to the nearest point of destination reached by this company, only perils of navigation excepted. And it is hereby expressly agreed that said United States Express Company are not to be held liable for any loss or damages, except as forwarders only," etc.

Upon the foregoing evidence the courts below gave judgment for plaintiff.

There is undoubtedly some conflict in the reports as to whether a carrier, receiving goods to be transported to a point beyond his own line, is liable when they are lost, where he has forwarded them to their destination upon another route. Where carriers on connecting routes form associations and arrangements for the purpose of carrying goods or parcels through the whole line, and share the profits, they are, beyond question, partners, and each is responsible for any loss or injury to goods which may happen, in whatever part of the line it occurs. The English doctrine seems to be in favor of the rule that a carrier who knowingly receives a parcel, directed or consigned to any particular place, undertakes to carry it there himself, unless he makes known a different purpose and undertaking to the owner. As a consequence of this rule, it is held that the owner has no contract with the second carrier, and can not recover of him for damages done on his end of the route. This principle was distinctly announced by Lord Abinger, in the leading case of Muschamp v. The L. & P. Junction Railway Co., 8 M. & W. 421, and has been since followed by later adjudications. A similar doctrine was at one time announced by the Supreme Court in the State of

New York, in the case of St. Johns v. Van Santvoord, 25 Wend. 660 ; but that decision was reversed in the court for the correction of errors, Chancellor Walworth delivering the leading opinion. (Van Santvoord v. St. Johns, 6 Hill, 157.) In the American States the English doctrine is now almost entirely overthrown. It seems to be the established law that a carrier may receive a parcel to carry as far as he goes, and then to send it further by another carrier. And where such is the clear and admitted case, his responsibilities as carrier and forwarder are distinct.

Professor Parsons, after speaking of the diversity that exists between the English and American cases, comes to the following conclusion : " The prevailing rule in this country may now be said to cast upon the carrier no responsibility, as a carrier, beyond his own route (requiring, of course, due care in forwarding the parcel), unless the usage of the business, or of the carrier, or his conduct or language, show that he takes the parcel, as carrier, for the whole route. And his receipt of payment for the whole route would be evidence going far to prove such undertaking." (2 Pars. on Cont., 5th ed., 213.) And this position seems to be well sustained by the authorities. (Van Santvoord v. St. Johns, *supra;* Hempstead v. New York Central R.R. Co., 28 Barb. 485 ; Quinby v. Vanderbilt, 17 N. Y. 306 ; Northern R.R. Co. v. Fitchburg R.R. Co., 6 Allen, 254 ; U. S. Ex. Co. v. Rush, 24 Ind. 403 ; F. & M. Bank v. Champlain Tr. Co., 18 Verm. 148 ; 23 Verm. 209 ; Hood v. N. Y. & N. H. R.R. Co., 22 Conn. 1 ; Nutting v. Conn. R.R. Co., 1 Gray, 502.)

The record discloses no payment for the whole route, nor any understanding, usage, or agreement that the company assumed to be responsible for the package after it left its own line. I think, then, the company was only bound, under its contract or undertaking, to transport the package safely to Macon City, that being the point on its line nearest the place of destination, and there to deliver it to the proper carrier to be forwarded to its destination ; and, having done this, the company was not responsible for its subsequent loss. The judgment should be reversed.

Reversed. The other judges concur.