————o————

HENRY G. SNIDER, Respondent, vs. THE ADAMS EXPRESS COMPANY, Appellant.

1. *Common carriers—Damages—Contract, limitation of,—Transfer from one carrier to another—Evidence.*—A consignor delivered to the Adams Express Company a package, said to contain $352.35, which was received by the company for transportation, and a receipt given therefor, containing this clause: "upon the special acceptance and agreement that this company is to forward the same to its agent nearest, or most convenient to destination only, and then deliver the same to other parties to complete the transportation; such delivery to terminate all liability of this company for such package." The Adams Express Company transported the package a part of the distance, and then transferred it to the U. S. Express Company, which delivered it to the consignee, where the amount inclosed was found to be $100.50 short. Upon suit by the consignor against the Adams Express Co. for the amount of such deficit, *Held;*

1st, that evidence was admissible on behalf of the defendant to show that it had delivered the package to its agent nearest to the point of destination, and that its agent had there delivered the package to other parties to complete the transportation, and to show further that the package, when received from the consignor, was securely sealed, and that it was delivered just as it was received, in good order, without being broken or mutilated.

2d, that it was not the duty of the defendant's agent, on giving the receipt, to call plaintiff's attention to its language. The stipulations were contained in the body of the receipt in a way not calculated to escape observation; they

composed a part of it, and the instrument showed on its face that it was not merely a receipt; and it being accepted by the plaintiff in the transaction of the business to which it related, it was his duty to read it, and in the absence of proof of fraud, imposition or deceit, the law presumes that he had notice of its contents.

2. *Common carrier—Special contract—Limitation of liability—Negligence.*— A common carrier may receive a parcel to carry it as far as he goes, and then to send it further; and such carrier may, by special contract, limit his common law liability, but cannot exempt himself from liability for his negligence.

3. *Practice, civil—Trials—Instructions not based upon evidence improper.*—Instructions not based upon evidence in the case are improper.

### *Appeal from Vernon Circuit Court.*

*James B. Gantt,* for Appellant.

I. There were no underwritten limitations in the contract. They were in the body, and " the legal presumption is, that stipulations limiting common law liabilities contained in a receipt given an express company, were known by the party receiving it." (Belgen vs. Dinsmore, 51 N. Y. 166.) And in this case he had his counsel with him. Hence it was not necessary for defendant to show it called plaintiff's attention to the terms of the written contract.

II. The court erred in giving the instruction for plaintiff, which tells the jury, that if the defendant's agent at Nevada did not call plaintiff's attention to the underwritten limitations in the receipt, and that the package was received by the consignee in good order, containing less money then when delivered, then the jury will find for plaintiff.

1st. There were no underwritten limitations of responsibility in the receipt. " The conditions were plain and in the body of the receipt in a way not calculated to escape attention." The shipping receipt constituted a valid and binding contract, and when defendant showed it had complied with the conditions on its part (which it could easily have done, had not the court below excluded its evidence), it was then discharged. (Grace vs. Adams Exp. Co., 100 Mass. 505; 98 Mass. 239; Coates vs. U. S. Exp. Co., 45 Mo. 238; 24 Ind. 403.)

2d. The court told the jury in this instruction that defendant was liable as a matter of law, without any reference to the con-

ditions of the contract, and, excluding all proof of the performance of the conditions by defendant, took the case away from the jury, in effect. It sums up certain facts and ignores all other parts of the case and evidence, and as such it is highly objectionable. The gist of the case is negligence, and the question whether defendant was guilty of negligence is not submitted to the jury at all.

3d. It was not necessary to call plaintiff's attention to the contract. The terms on which the package was received were plainly printed in the body of the receipt. (Belger vs. Dinsmore, 51 N. Y. 166 ; 100 Mass. 505.)

III. The court committed error in refusing defendant's third instruction. It simply told the jury that a common carrier could limit its common law liability. (Coates vs. U. S. Exp. Co., 45 Mo. 238 ; Grace vs. Adams, 100 Mass. 505 ; York Co. vs. Central R. R., 3 Wal. [U. S.] 107 ; Hooper vs. Wells, 27 Cal. 11 ; 6 How. [U. S.] 382 ; 10 Ohio, 64 ; 19 Ill. 136.)

*W. P. Johnson*, for Respondent, cited : Levering vs. Union Trans. & Ins. Co., 42 Mo. 88 ; Ketchum vs. Am. Merch. Union Exp. Co., 52 Mo. 390 ; Coates vs. U. S. Exp. Co., 45 Mo. 238 ; Oppenheimer vs. U. S. Exp. Co., 1 Cent. Law Journal [1874] 107.

NORTON, Judge, delivered the opinion of the court.

This was a suit brought by plaintiff to recover money, alleged to have been lost from a package which defendant had received for transportation. The petition states, in substance, that defendant, as a common carrier, received from plaintiff a package containing $352.35, which he agreed to transport from Nevada, Vernon county, to Monroe City, Monroe county, and there deliver the same to Andrew Snider, and that for such transportation plaintiff paid defendant the sum of ninety cents ; that defendant did not transport and deliver said package safely to said Andrew Snider, but so negligently and carelessly transported the same that there was lost from the package the sum of $100.50. The defendant, by answer, denied all the material allegations of

the petition, and sets up as matter of defense that he did receive from plaintiff a sealed package said to contain $352.35, and at the time of its reception entered into a special contract with plaintiff, whereby it was agreed that defendant was only to forward the package to its agent nearest (or most convenient to) Monroe City, the place where said package was to be delivered, and then deliver the same to other parties to complete said transportation, and that such delivery was to terminate all liability of defendant. The answer further alleges that defendant safely delivered said package in good order, with contents unbroken or disturbed, to the United States Express Company at Sedalia, which was the nearest point to Monroe City, to which defendant transported.

Plaintiff, in his replication, denies all the allegations of defendant's answer.

On the trial of the cause, plaintiff offered evidence tending to show the delivery of a package, as charged in his petition, containing $352.35, which was received by defendant for transportation, and for which defendant at the time gave the following receipt:

ADAMS EXPRESS COMPANY.

"Form 15.  $352.35.  Nevada, Mo., July 13, 1872.—Received from H. I. Snider one package, sealed, and said to contain currency, addressed Andrew Snider, Monroe City, Monroe county, Mo., upon the special acceptance and agreement that this company is to forward the same to its agent nearest or most convenient to destination only, and then deliver the same to other parties to complete the transportation ; such delivery to terminate all liability of this company for such package," etc.

The evidence of plaintiff tended further to show that the package, when delivered at Monroe City, was in good order, but was short of the amount inclosed in it about $101, containing only $251.25 at the time it came to the hands of the consignee.

The defendant offered in evidence the deposition of Faulhaber, tending to show that Sedalia was the nearest point of destination to Monroe City for packages shipped from Nevada to Monroe City by the defendant, and that defendant did not have any line of transportation directly through from Nevada to Monroe City,

and that the package in question was on the 13th of July, 1872, delivered by defendant in good order and unbroken to the United States Express Company, at Sedalia, by which company it was shipped to Monroe City. Defendant also offered in evidence the deposition of Warner to show that he was the messenger of defendant in charge of said package; that it was carefully carried from Nevada to Sedalia, and that defendant had no office nearer to Monroe City than Sedalia. Plaintiff objected to the reading of these depositions, on the grounds of incompetency and irrelevancy, which objections were sustained by the court, and to which defendant at the time excepted.

The court, at the instance of plaintiff, gave the following instruction :

'' If the jury believe from the evidence that the plaintiff did on the 13th of July, 1872, at Nevada, Vernon County, Mo., deliver, or cause to be delivered, to the agent of defendant, a package of money, containing the sum of two hundred and fifty-two and 35-100 dollars; that the agent of defendant received the same and gave receipt therefor, and received pay to deliver said package to Andrew Snider, at Monroe City, and did not call the attention of H. G. Snider to the underwritten limitations of responsibility in the receipt read in evidence ; that said package was received by Andrew Snider at Monroe City in good order, with a less amount of money in it than when delivered to the agent at Nevada; then the jury will find a verdict for plaintiff for the difference in the amount they may believe from the evidence was placed in the package at Nevada, and the amount in said package at the time of its delivery to Andrew Snider, in Monroe City, and may allow interest on the amount found from the time of demand, made August 5, 1872, to the present time, at 6 per cent.''

The court, of its own motion, gave the following instruction : '' The court declares the law to be, that if the plaintiff at the time of delivering the package in question to the defendant's agent received a receipt for the said package wherein it was expressly stipulated that the defendant would not be responsible for the same beyond the station of defendant nearest to Monroe City, and plaintiff's attention was called to or he knew of such underwritten

limitation at the time, and that when it reached that point defendant was to deliver the package to others, and that Sedalia was the nearest point on the route of defendant to Monroe City, and that defendant carried said package safely and in good order to Sedalia, and there delivered it to the United States Express Company in good order to complete the transportation, then defendant was not liable any further, and the issues must be found for defendant."

Exceptions were duly saved by defendant to the action of the court in giving these instructions.

The following instructions, asked by defendant, were refused by the court, to which defendant excepted: "The court declares the law to be that if the plaintiff, at the time of delivering the package in question to the defendant's agent, received a receipt for the said package, wherein it was expressly stipulated that defendant would not be responsible for the same beyond the station of defendant nearest to Monroe City, and that when it reached that point defendant was to deliver the package to others to complete the transportation, and that Sedalia was the nearest point on the route of defendant to Monroe City, and that defendant carried said package to Sedalia safely and in good order, and then delivered it to the United States Express Company in good order to complete the transportation, the defendant was not liable any further, and the issues must be found for defendant."

"2. The court instructs the jury that the defendant in this case, being a common carrier, had the right to limit its responsibility by special contract, and if the jury believe from the evidence that the defendant made a special contract with the plaintiff, whereby it accepted said package upon the express condition that it was not to be responsible for the same beyond its line, and if they find that defendant carried said package safely to Sedalia, the terminus of its route, in the direction to Monroe City, Mo., and then delivered it to another responsible forwarder and carrier, then its responsibility ceased, and defendant is not responsible for any loss happening after that time."

The above were all the instructions given except one, which declared that it was the duty of plaintiff to prove that the pack-

age contained the amount of money it was said to contain. The jury found a verdict for plaintiff, upon which judgment was entered, and from which defendant has appealed.

The depositions offered in evidence by the defendant, and which were rejected by the court, should have been received as evidence. The evidence related directly to the issue involved, and was material to a proper determination of them.

The fact that the package received by defendant for transportation contained the sum of $352.35 at the time he received it was denied by defendant, and he had a right to negative this fact by proof, which he proposed to do by the evidence offered, in showing that the package when received was securely sealed, and that it was transmitted and delivered just as it was received, in good order, without being broken or mutilated. It was proper that these facts should have gone to the jury, to be considered and weighed by them in determining the question whether the package contained the amount of money charged to have been put in it. The evidence was admissible for another reason. It was shown by the plaintiff on the trial that at the time the package was delivered to defendant, that defendant gave to plaintiff the receipt hereinbefore copied. This receipt contained the stipulation that defendant should only deliver the package to its agent nearest or most convenient to destination, and deliver the same to other parties to complete the transportation, and upon such delivery, all liability of defendant was to terminate. The depositions offered by defendant and rejected by the court tended to prove a compliance on the part of defendant with the above stipulations, and ought therefore to have been read in evidence.

The objection to the instruction given for plaintiff was well taken. The instruction directs the jury in effect that unless the defendant called the attention of plaintiff to the under written limitations of responsibility in the receipt read in evidence, that they were not binding on the plaintiff.

In the case of Coates vs. United States Express Company (45 Mo. 241) the validity of a receipt similar to the one in this case was involved, and the contract contained in it was upheld, and it was declared to be the established law that a carrier may receive

a parcel to carry as far as he goes and then to send it further. That a common carrier, by a special contract, can limit his common law liability, but cannot exempt himself from his negligence, is established law. (Read vs. St. Louis, Kansas City & Northern R. R. Co., 60 Mo. 199; Levering vs. W. T. & I. Co. 42 Mo. 88; Wolf vs. The Am. Ex. Co., 43 Mo. 421; Ketchum vs. A. M. U. Ex. Co., 52 Mo. 390.)

The dicta of the learned judge who delivered the opinion, (45 Mo. 241) that there was no proof of payment for the whole route, was not intended to convey the idea that if there had been proof of payment for the whole route, that fact alone would have the effect to change the rights of the parties under the written contract.

The court committed error in assuming in the instruction that it was the duty of the defendant to call plaintiff's attention to the stipulations in the receipt before he could be bound by them. The stipulations were contained in the body of the receipt, in a way not calculated to escape observation; they composed a part of it, were plainly written or printed, and the instrument itself showed on its face that it was not merely a receipt; and it being accepted by plaintiff in the transaction of the business to which it related, it was his duty to read it, and in the absence of proof of fraud, imposition or deceit, the law presumes he had knowledge of its contents. (Grace vs. Adams, 100 Mass. 507; Belgen vs. Dinsmore, 51 N. Y. 166.)

The instruction given by the court, of its own motion, ought not to have been given, because, by the exclusion of the depositions offered by defendant, there was no evidence in the case on which to base it. The instructions asked for by defendant, and refused by the court, were properly refused, because, by the exclusion of the depositions of defendant, there was no evidence on which to found them. If the depositions offered in evidence had been received, the principles embodied in the instructions asked for by defendant should have been given as the law.

Judgment reversed and cause remanded, the other judges concurring.