BEN. CRAYCROFT, Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. COMMON CARRIER—POWER OF AGENT TO BIND OWNER, BUT NOT AGAINST NEGLIGENCE.—The power of an agent (as in the case of a shipper sending goods to a purchaser), to bind the owner of goods by an agreement to limit the carrier's liability, will be presumed. Hutchinson on Carriers, sect. 265, and cases thereunder cited. And while it has been held that a common carrier cannot *stipulate against liability* for damages resulting from and occasioned by his negligence, it has also been held, he can, by special contract with the shipper, *limit* his liability. *R. R. Co. v. Cleary*, 77 Mo.

637; *O'Bryan v. Kinney*, 74 Mo. 127; *Snider v. Exp. Co.*, 63 Mo. 377.

2. ———— CONSTRUCTION OF SECTION 598, CHAPTER 14, REVISED STATUTES MO., AS TO LIABILITIES OF COMMON CARRIERS.—Prior to the enactment of the Statute of 1879 (sect. 598, Revised Statutes, Mo.), a common carrier could not relieve itself of liability on account of its own negligence, and that rule of law has not been changed or at all modified by this statute; but on the contrary the statute not only declares its liability for damage caused by its negligence but *also* "by the negligence of any other common carrier, railroad or transportation company to which such property may be delivered, or over whose line such property may pass," and provides a remedy over to the first carrier against the forwarding carrier.

APEPAL from Jackson Circuit Court, HON. F. M. BLACK, J.

*Affirmed.*

Statement of case by the court.

This is a suit brought by plaintiff to recover the value of certain freight received at the town of Belton Station, Missouri, by defendant, for shipment to plaintiff at Chillicothe, Missouri. The petition alleged that the defendant executed and delivered to plaintiff a bill of lading by which it undertook to carry said freight to the end of its line at Kansas City, and then and there deliver the same to the Hannibal and Saint Joseph Railroad Company, to be carried by the last named company from Kansas City to Chillicothe.

That said freight was duly carried by the defendant to Kansas City, and delivered to the said Hannibal and Saint Joseph Railroad Company, which road in a careless and negligent manner received said car, and carelessly and negligently failed to transport the same within a reasonable time thereafter to the plaintiff, as by its arrangement with the defendant it had undertaken to do, but negligently and wrongfully retained said car in and about its yards, and in the yards of defendant, and did not forward the same, and by such delay of said Hannibal and Saint Joseph Railroad Company, the said freight perished and was wholly lost to plaintiff, to his

damage in the sum of $1,400. For which sum judgment was asked.

The defence set up in the answer wasas follows: "Said defendant, on April 20, 1881, received from Watson & Dobbin, at Belton, in Missouri, the car load of freight mentioned in said petition, and at the time of its reception entered into a special contract with said shippers, whereby it was distinctly agreed and understood that defendant was to transport said freight over the line of its own road, and then deliver the same to the next connecting carrier to be by the latter delivered to the point of destination, and that defendant was not to be liable beyond its own line, and then and there issued to said shippers its bill of lading therefor, of the following tenor, to-wit:

"ATCHISON, TOPEKA & SANTA FE R. R. CO.
"BELTON STATION, April 20, 1881.

"Received from Watson & Dobbin: The following described property in apparent good order (or condition noted), contents and value unknown.

| "Marks and Numbers. | Articles. | Weights subject to Correction. |
| --- | --- | --- |
| "Ben. Craycroft, Chillicothe, Mo. Consignee and destination same................ "Via H. & S. J. R. R., & Mo. P. | 1 car of hedge plants, O. R. Gta.......... | 20,000 |

"To be transported over the road and delivered in like order to the consignees, or the next company or carriers (if same is going beyond its line of road), for them to deliver to the place of destination of said property, it being distinctly understood that this company shall not be responsible as common carriers for said property beyond its line of road or while at any of its stations awaiting delivery to such carrier, the company being liable as warehouse men only.

"LEE GLANDON,
"For the Company."

The answer admitted that defendant duly transported said freight to Kansas City, and safely delivered

the same to the Hannibal and Saint Joseph Railroad Company to be by it transported to Chillicothe.

The case was tried by the court without the intervention of a jury. The plaintiff offered and read in evidence the bill of lading referred to in the petition and set out in the answer; and also offered evidence proving substantially all the material allegations of the petition. No other evidence was introduced in the case.

The defendant demurred to the evidence. The court denied the demurrer. The court found for plaintiff and rendered judgment in his favor for the sum of $1,365.50. From that judgment the defendant appealed to the supreme court. The case has been transferred to this court by the order of the supreme court in pursuance of the provisions of the constitutional amendment creating this court.

The action is grounded upon section 598 of chapter 14 of the Revised Statutes of 1879, which reads as follows:

"Whenever any property is received by a common carrier to be transferred from one place to another, within or without this state, or when a railroad or other transportation company issues receipts or bills of lading in this state, the common carrier, railroad, or transportation company issuing such bill of lading shall be liable for any loss, damage or injury to such property, caused by its negligence, or the negligence of any other common carrier, railroad or transportation company to which such property may be delivered, or over whose lines such property may pass, and the common carrier, railroad or transportation company issuing any such receipt or bill of lading shall be entitled to recover in a proper action the amount of any loss, damage or injury it may be required to pay to the owner of such property from the common carrier, railroad or transportation company through whose negligence the loss, damage or injury may be sustained."

GARDINER LATHROP, for appellant.

I. At common law, a common carrier, receiving

freight for points beyond its own line, is, in the absence of contract express or implied, only liable as carrier to the *terminus* of its line; and if it makes safe delivery to the carrier next in the line of transportation, its whole duty is performed, even though the freight should be afterwards lost by the negligence of the connecting carrier. *Coates v. U. S. Exp. Co.*, 45 Mo. 238; *McCarthy v. R. R. Co.*, 9 Mo. App. 159. But if the carrier makes a contract for the carriage of freight to its point of destination, such contract will be enforced, even though such point of destination is not on the line of the carrier; and damages may be recovered if the freight is lost or injured at any point during the course of transportation. *Grover & B. S. M. Co. v. Mo. Pac. Ry. Co.*, 70 Mo. 672.

II. In England, if freight is booked for points beyond the line of any carrier, a *prima facie* case of contract to carry through is made out; and it then devolves on the carrier to show a special contract, if such there was, exempting it from liability except upon its own line. Lawson on Carriers, sect. 238. The statute (Ch. 14, Rev. Stat., Mo., 1879), upon which this case rests, seems to have for its object the introduction of the spirit of this English rule; though it is hardly so *far-reaching* as that. The carrier by this statute is not obliged to receive and transport to destination freight consigned to points beyond the *terminus* of its line; but if it *does* receive such freight, it will, in the absence of any limitation upon its liability be held to answer for the negligence of any carrier in the line of transportation "to which such property may be delivered, or over whose line such property may pass."

III. As the carrier can not limit its common law liability, except for negligence (*Snider v. Exp. Co.*, 63 Mo. 376), and as under the English rule the *prima facie* presumption of a through contract may be rebutted by showing an express contract limiting the liability, so the liability created by the statute may be limited by the contract between the parties; the shipper may *waive* its provisions. *Jackson v. R. R. Co.*, 25

Vermont 150 ; Pierce on Railroads 344 ; Sedgwick on Stat. and Const. Law 86.

IV. The acceptance by the shippers of the bill of lading, limiting the liability of defendant, made a valid contract between the parties. *O'Bryan v. Kinney*, 74 Mo. 125 ; Lawson on Carriers, sect. 224.

V. The statute is *unconstitutional* and void, under section 4, article II, of the Constitution of Missouri, (1875), which provides "that all persons have a natural right to life, liberty, and the enjoyment of the gains of their own industry." See, also, section 20, same article.

VI. It also violates section 8, article I, of the constitution of the United States, giving to congress the exclusive right to regulate commerce between the states.

KARNES & ESS, LIPSCOMB & RUST, WM. ALL-BRITAIN, for the respondent.

I. This case turns mainly on the construction of section 598, chapter 14, Revised Statutes. A common carrier is a *quasi* public servant and bound to receive and transport all freight offered for shipment upon payment of freight. According to the American doctrine, aside from any statute, it is liable only as forwarder beyond the line of its own road ; still it is bound to receive the freight to be transferred to its destination, and can not receive it simply to be transferred to the end of its own line, and there left to be forwarded by the owner or shipper. Rorer on Railroads 1256–1260.

II. Two questions are involved in this case, (1) can the statute be modified by special contract ? and if so, (2) *has* it been so modified ? First, whether it *can be* (evaded) by special contract depends on the reason and policy of the statute. For if the *public* generally have an interest in the faithful execution of such statute, *i. e.*, if it involves the principles of public policy, then the contract can not be supported, even as against the person with whom the carrier has made it. The object of this statute was to provide the injured party a remedy at home, and not force him to resort to the tribunals of some distant state, and any rule which would embarrass the owner's

remedy is in direct conflict with the principles and pol icy of the law. *Fish v. Chapman*, 2 Ga. 349; *R. R. Co. v. Heaton*, 37 Indiana 448; *R. R. Co. v. Lockwood*, 17 Wall (U. S.) 357; *Jacobus v. R. R. Co.*, 20 Mo. 125; Lawson on Carriers 346, *et seq.*  Second, *has* it been so modified? Many cases hold that the carrier can not limit even his common law liability by a condition in the bill of lading *unless it is assented to* by the owner of the goods; and that such assent will not be presumed from a mere acceptance of the bill of lading. *R. R. v. Montfort*, 60 Ill. 175; *Transfer Co. v. Theilbar*, 86 Ill. 71; *Transfer Co. v. Joesting*, 89 Ill. 152.  And there is no *consideration* for the surrender of plaintiff's rights by the special contract set up by defendant, and the *consideration* must be alleged and proved (except in cases of contracts of specialty and negotiable paper, and contracts of record, and such as are made so by statute). 1 Greenl. Evid. (14 Ed.) p. 96, sect. 66.  And the construction of the special contract (being made by carrier for his benefit), must be made most strongly against him, and the agreement must be proved like any other contract. 9 Watts 88; 27 Cal. 11; *Rand v. R. R. Co.*, 60 Mo. 199; *Bissell v. R. R. Co.*, 25 N. Y. 442; *Farnham v. R. R. Co.*, 55 Pa. St. 53.

III.  This statute is *not* in violation of sections 4 and 20, of article II, of State Constitution being simply a police regulation.  Cooley Const. Lim. 573–580.  No statute can be void simply because it is unreasonable and against common right.  Cooley Const. Lim. 164–170. This statute being a police regulation not affecting international matters, and the subject not having been legislated upon by congress is *not* in violation of the constitution of the United States for attempting to regulate commerce.  Cooley on Const. Lim. 579–584, *et seq.* It is certainly valid as to points of shipment *in this* state (as in this case).  *R. R. Co.* 17 Wall (U. S.) 560; *Slanson v. Racine*, 13 Wisconsin 398.

Opinion by HALL, J.

1.  The defendant contends that it had the right by

contract to relieve itself of the liability imposed upon it as a common carrier by said statute ; and that the acceptance by the plaintiff of the bill of lading, limiting the responsibility of defendant as a common carrier to losses occurring on its own line, made a valid and binding contract between plaintiff and defendant. The objections made to this position by the plaintiff's counsel that where the seller consigns goods to the purchaser the seller has no implied authority to enter into a contract for the purchaser limiting the common law liability of the carrier ; and that the carrier cannot limit even his common law liability by a condition in the bill of lading, unless it is assented to by the owner of the goods, and that such assent will not be presumed from a mere acceptance of the bill of lading ; and that, admitting the right of the carrier to relieve itself of the liability imposed by the statute, it can do so only by an express contract with the shipper, which cannot be implied from the shipper's accepting a bill of lading containing a condition so relieving the carrier, but the shipper must expressly assent to such condition ; these objections are not well made, in our opinion. "The first of these (objections) is answered by the fact that it · nowhere appears that the agents disclosed their agency when contracting for the transportation of the freight. So far as the defendant could see, they were themselves the owners." *York Company v. Central Railroad*, 3 Wall. 113, opinion by Judge Field.

That the power of the agent to bind the owner of the goods by an agreement to limit the carrier's liability will be presumed; see, also, Hutchinson on Carriers, section 265, and cases thereunder cited.

That the second objection is not the law in this state is now firmly settled. *R. R. Co. v. Cleary*, 77 Mo. 637; *O'Bryan v. Kinney*, 74 Mo. 127; *Snider v. Adams Express Co.*, 63 Mo. 377.

It necessarily follows that, if the defendant had the right to relieve itself of the liability imposed upon it by that statute by a contract to that effect with plaintiff, the defendant was so relieved of such liability by the plain-

tiff's acceptance, through his agent, of the bill of lading containing a condition to that effect.

The question, then, is, could the defendant relieve itself of such liability?

We can not recognize the force of the defendant's suggestion that the object of the statute was to introduce into this state the spirit of the English rule by which a carrier, in case freight is booked for a point beyond its line, is liable on a *prima facie* contract to carry through to the point of destination, and it devolves on the carrier to show a special contract, if such there was, exempting it from liability beyond its own line. The fact that such is the English rule throws no light upon the object of the legislature in the enactment of the statute, or upon the construction to be placed upon the language of the statute. There is no inference to be made by the courts of this state that our legislature intends to adopt the English rule upon any subject rather than the rule of any other country or state upon the same subject, outside of the common law as recognized by our statute. But, in addition to this, there is one English rule concerning the liability of common carriers which that statute clearly does not adopt. It is the rule in England, as well as in New York, that a common carrier may relieve itself by contract of liability on account of its own negligence. Hutchinson on Carriers, sections 260–264. Now, prior to the enactment of the statute of 1879, in this state, a common carrier could not relieve itself of liability on account of its own negligence; and it will not, we apprehend, be contended that that rule of law has been changed or at all modified by the statute. It is unquestioned law in this state that a common carrier can not relieve itself in any way of such liability. This is not disputed by the defendant. *Snider v. Adams Express Co.*, 63 Mo. 383, and cases cited. And yet the language of the statute is "shall be liable for any * * * damage * * * caused by *its own negligence* or the *negligence of any other common carrier, railroad or transportation company*, etc."

It will not be seriously contended, we presume, that the legislature intended by the statute to adopt the English rule as to the damage caused by the negligence of the common carrier other than the receiving carrier, and, as to the damage caused by the negligence of the receiving carrier, the carrier issuing the bill of lading, to continue in force in Missouri the American rule.

It is certain beyond question that the intention of the legislature as to one damage was the intention as to the other damage. The one damage by the express terms of the statute is placed upon the same footing as the other. They are both fixed upon the receiving carrier as a liability. It cannot be said that the legislature intended to permit the receiving carrier to relieve itself of the one and to prevent it from doing so as to the other. There is nothing in the statute from which such an intention can be presumed. By the statute the damage caused by the negligence of the receiving carrier is fixed upon it absolutely, without any condition or exception. To relieve itself of liability for such damage, even by express contract, such carrier has not the power. Such, too, do we hold to be the effect of the statute as to the damage caused by the negligence of "any other common carrier," etc. The effect of the statute as to one is the effect of the statute as to the other.

For these reasons we think that the circuit court correctly held that the condition or exception in the bill of lading, relieving the defendant of liability as a common carrier, beyond its own line, was contrary to the provisions of the statute and void.

2. The objection made in this court that the statute of 1879 is unconstitutional for certain reasons, urged in defendant's brief, we have no jurisdiction to decide. We, therefore, express no opinion whatever upon them.

The judgment of the circuit court is affirmed. All concur.