NORTON, Appellant, v. ADAMS EXPRESS COM-
PANY, Respondent.

St. Louis Court of Appeals, February 19, 1907.

COMMON CARRIERS: Limiting Liability. Where a bill of lading
for an express package provided that in consideration of the
rate charged the shipper agreed that the value of the property
was not more than $50 unless a greater value was stated in the
bill of lading, and that the company should not be liable for
more than that amount where no value was stated, the shipper,
no value being stated, could not recover the value of the pack-
age shipped in excess of $50, on showing its loss, there being
no evidence that it was lost through the negligence of the
express company.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse
A. McDonald*, Judge.

AFFIRMED.

*Nathan Frank* and *Max W. Oliver* for appellant.

(1) While it is not entirely clear it is, perhaps prob-
able under the present state of the law in Missouri, that
a common carrier may by express contract exempt itself
from the consequences of its own negligence by stipula-
ting concerning the value of the property which it under-
takes to convey and liquidating its liability to the value
stated, and said express contract must be founded upon
a valuable consideration, such as a lower rate of carriage.
Kirby v. Express Co., 2 Mo. App. 369; Conover v. Ex-
press Co., 40 Mo. App. 35; Kellerman v. Railroad, 136
Mo. 177; Powder Co. v. Railway, 101 Mo. App. 454; Liv-
ery Co. v. Railway, 113 Mo. App. 144; Ward v.
Railroad, 158 Mo. 226; Jones v. Railroad, 91 S. W. 159;
Ficklin v. Railroad, 93 S. W. 847; Calderon v. Steam-
ship Co., 170 U. S. 272, 278. (2) There is no presump-
tion that a shipper has a knowledge of the conditions con-

tained in a bill of lading of a limited liability clause. Railroad v. Doyle, 142 Fed. 669.

*Percy Werner* for respondent.

(1) It was stipulated between the parties hereto that the package in question "was lost or stolen en route in a manner unknown to either of the parties to this action." Even if it were held that notwithstanding the contract liquidating the value of the package in question the shipper is at liberty to show a higher value in the event that the package is lost by the negligence of the carrier, the burden of proving negligence would rest on the shipper, to carry which appellant made no effort. Wittig v. Railway, 101 Mo. 632; Otis Co. v. Railway, 112 Mo. 622; Fulbright v. Railway, 94 S. W. 992; Bushnell v. Railway, 94 S. W. 1001. (2) A contract liquidating the damages at a sum certain in case of loss due to a carrier's negligence, is valid in Missouri, where supported by a consideration, such as lower freight rates. Harvey v. Railroad, 74 Mo. 538; McFadden v. Railroad, 92 Mo. 343; Conover v. Express Co., 40 Mo. App. 31; Rogan v. Railroad, 51 Mo. App. 674; Kellerman v. Railroad, 136 Mo. 177; Duvenick v. Railroad, 57 Mo. App. 550; Vaughn v. Railroad, 62 Mo. App. 461; Wyrick v. Railroad, 74 Mo. App. 406; Steamship Co. v. Ins. Co., 129 U. S. 397. (3) A shipper is presumed, in the absence of proof of fraud, imposition, or deceit, to have knowledge of the contents of a contract which he accepts in the transaction of the business to which it relates. Snyder v. Express Co., 63 Mo. 376; Aiken v. Railroad, 80 Mo. App. 8; Hart v. Railroad, 112 U. S. 331.

GOODE, J.—The purpose of this action is to recover the value of sixteen pieces of silk lost while in defendant's charge as a common carrier. The value was laid at $307.12. A firm of merchants in the city of New York shipped the goods in charge of defendant, con-

signed to plaintiff, at St. Louis, Missouri, paying $1.50 expressage. The New York merchants were regular patrons of the express company, made numerous shipments, and were familiar with the mode in which the business was conducted. An employee of the express company would call at their mercantile establishment at a certain hour of the day and get whatever packages were to be expressed. The package of silk in controversy was received in the ordinary course of business and a receipt or bill of lading issued to the consignors for it. The goods were packed at the time and defendant's employee who received the parcel had no knowledge of the contents. No valuation was stamped on the wrapper and the evidence shows that when this occurred the custom between plaintiff and defendant was for the parcel to be carried as of the value of fifty dollars, and at defendant's rate for carrying parcels of that value. When the valuation was higher, a higher rate was charged. On the bill of lading in bold type was the statement that the charge for carrying was based on the value of the property, which must be declared by the shipper; but the consignors of the goods in controversy generally refused to put a value on the packages they shipped and, instead of doing so allowed them to be valued at fifty dollars in order to get the benefit of that rate. The bill of lading contains the following paragraph:

"In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based on a valuation of not exceeding fifty dollars, unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

The shippers were asked the value of the package at the time it was consigned to the express company, but

did not state any. In the answer the foregoing facts are averred and, in addition, the paragraph we have copied from the bill of lading. Fifty dollars was tendered plaintiff as the value of his property and also the sum paid for expressage. On the facts pleaded and the tender, defendant asked to be discharged. The following stipulation in regard to the manner in which the property was lost was agreed to by the parties:

"It is hereby stipulated and agreed between the parties to the above-entitled cause that the plaintiff's property in controversy in this suit delivered by J. R. Simon & Co. on the 26th day of August, 1904, to the defendant for carriage to plaintiff was sixteen pieces of Japanese silk, and that the value thereof is $307.12, and that the same was lost or stolen en route in a manner unknown to either of the parties to this action."

At the conclusion of the evidence the court refused to declare that under the pleadings and evidence the plaintiff was entitled to recover the full value of the property and gave for defendant a declaration that a contract between a shipper and a common carrier, limiting the right of recovery to a sum expressly agreed upon by the parties, is valid when fairly entered into and based upon a rate of freight fixed in view of such valuation, and lower than would have been charged if a higher valuation had been placed on the property. Judgment was entered for defendant and plaintiff appealed.

Plaintiff's counsel rely entirely on the proposition of law that a common carrier of freight cannot limit its liability for property negligently lost while in its charge; and that this rule goes to the extent of preventing the carrier from reducing its liability by stipulating with the shipper for a maximum sum to be paid as the true value of the property in case it is lost in consequence of the carrier's negligence. We have no occasion to pass on that proposition in the present case and refrain from doing so, because of the absence of evidence to show the

goods in controversy were lost through the negligence of the defendant company. The only evidence as to how they got lost is that they were lost or stolen while en route in a manner unknown to either of the parties to the action. This stipulation left no room for the finding that the loss was due to defendant's negligence. The goods might have been lost or stolen without the employees in whose custody they were, having been remiss in the exercise of due care; and if this occurred, we know of no decision which would lay the company liable for a greater valuation than is provided in the contract. Certainly the law of this State has for years upheld agreements fairly entered into between shippers and carriers, limiting the common law liability of the latter for losses not due to the negligence or fraud of their officers or employees. [Coates v. Express Co., 45 Mo. 238; Read v. Railroad, 60 Mo. 199; Rice v. Id., 63 Mo. 319.] The shippers expressly agreed in the bill of lading that the property was not of greater value than $50 unless a greater value was stated, and none was. They agreed, further, that the company should not be liable in any event for more than $50 if no value was stated. Now if we had a doubt as to whether or not these clauses would be effective in case it appeared the loss was due to defendant's negligence, we have no doubt that they must control the decision when the record is devoid of any evidence to prove negligence.

The judgment is affirmed. All concur.